UNION BANK AND TRUST CO. OF LOS ANGELES, as Executor of EMILY G. SIEGMAN, Deceased, and as Administrator of the Estate of SIDNEY B. SIEGMAN, Deceased, Respondent, v. HATTIE CARNEGIE, INC., Appellant.

First Department, February 21, 1956.

*Thomas Rattigan* of counsel (*George A. Garvey,* attorney), for appellant.

*Benjamin H. Siff* of counsel (*Charles Fredericks,* attorney), for respondent.

*Per Curiam.* Defendant, Hattie Carnegie, Inc., appeals from a judgment in favor of plaintiff's testate, Emily G. Siegman, for personal injuries, and her husband, Sidney B. Siegman, for loss of services. Both decedents died during pendency of the action from causes unrelated to the accident.

Decedent was injured in defendant's premises while descending a short flight of steps which consisted of five carpeted steps leading from the main salon to a narrow walled corridor at the

end of which was the fitting room. The steps were not uniform in width. The two top steps, which bordered on the corridor, were six feet wide; the three lower steps, which were not walled in, were somewhat wider, measuring eight, ten and twelve feet, respectively. There were no handrailings alongside the steps. There is no allegation that the steps were in any way defective and the plaintiff bases her claim primarily on the statute (Administrative Code of City of New York, § C26-292.0, subd. l, pars. 1, 2) which provides for handrails on what this statute calls " [r]equired exit stairs ". It is clear that the stairway in question was not a " [r]equired exit stairs " in that it led only from the fitting room to the main salon. The trial court correctly charged that the stairway in question was not a " [r]equired exit stairs " and paragraphs 1 and 2 of subdivision 1 of section C26-292.0 of the Administrative Code had no application. The court further said that the defendant nevertheless could be liable for placing in operation a dangerous stairway liable to cause danger to persons who might become injured by the absence of handrails of some sort and it left to the jury the question of whether or not there was a causal connection between the absence of handrails and the accident. There was no basis for this charge since there was no proof that the stairway was in any way dangerous or caused the decedent to fall.

The Court of Appeals reversed a judgment in favor of the plaintiff upon facts very similar to the case at bar in *Larkin* v. *O'Neill* (119 N. Y. 221, 225) stating " It is quite probable that the accident occurred from slipping, or from a misstep by the plaintiff. But whatever caused the injury it is quite clear that it could not be attributed to any want of care on the part of the defendant."

The judgment should be reversed and the complaint dismissed.

PECK, P. J., BASTOW, RABIN, COX and FRANK, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, with costs.