162

NATCHA BROOKS, Respondent, v. BERGDORF-GOODMAN Co.,
Appellant.

First Department, February 18, 1958.

*William F. McNulty* of counsel (*Rudser & Fitzmaurice,* attorneys), for appellant.

*Edward S. Friedland* for respondent.

*Per Curiam.* Plaintiff fell in defendant's store as she was proceeding through a wide archway at which point there were two steps descending to the shoe shop on a lower level. The floor of the upper level was covered with tile linoleum consisting of large black and white squares. In contrast, the floor of the lower level was entirely carpeted. The step in between was covered with black and white tile linoleum but of a smaller and different design than that of the upper level. At the approach to the steps on the upper level was a two inch wide orange line.

Plaintiff testified that at the time she fell she was looking straight ahead and did not observe the steps, although she admitted noticing the archway and the fact that the large tile boxes on the upper level came to an end and that beyond there was carpet. She said she did not notice the difference in level.

We think the evidence in this case fails to establish negligence on the part of defendant. The only theory on which negligence could possibly be found is that these steps leading from the tiled upper level to the carpeted area below constituted a trap or dangerous condition of which defendant failed to give adequate warning. The testimony and photographic evidence fail to support such a finding.

Plaintiff claimed in her bill of particulars that defendant's premises created an " optical situation whereby the location and site of the steps was rendered not apparent and difficult to ascertain " and that " the defendant failed to maintain any handrail or signs or other warning devices ". Although plaintiff in her brief argues that inadequate lighting was one of the elements that created a dangerous situation, that claim must be disregarded because of the absence of any such assertion in the bill of particulars and also because of her own testimony that the lighting was normal. The claim that handrails were required on these steps must also be rejected (*Union Bank & Trust Co.* v. *Hattie Carnegie, Inc.*, 1 A D 2d 199).

The only question left for consideration is plaintiff's assertion that there was " optical confusion " such as to create a dangerous situation. In our opinion that contention must likewise be rejected. The physical layout of the two floors was such that had plaintiff been the least bit observant or attentive to where she was going, she would have noticed that the carpeted area, which she admittedly observed, was on a lower level. As a matter of perspective the lower position of the fixtures in the carpeted area should have indicated to her that it was not on the same level as the tiled upper area. Besides, her testimony was to the effect that she noticed the archway and the line painted across the entire width of the top step. She denied, however, that she saw the step in between and attributes this to the fact that it had the same coloring (although entirely different in design) as the upper level.

Assuming as claimed, that plaintiff's fall was the result of her failure to observe the steps, then we think on this record that such failure could not have resulted from any " optical confusion " but was caused entirely by plaintiff's own carelessness. In the circumstances we hold that plaintiff has not made out a

164

case of negligence against the defendant and that she was guilty of contributory negligence as a matter of law.

The judgment should be reversed on the facts and on the law and the complaint dismissed, with costs to appellant.

RABIN, J. P., FRANK, VALENTE, McNALLY and STEVENS, JJ., concur.

Determination unanimously reversed, in all things, upon questions of law and fact, with costs to the appellant in this court and in the Appellate Term, the judgment of the Municipal Court is vacated and judgment is directed to be entered in favor of the defendant dismissing the complaint, with costs.