**Eddy WISE, Plaintiff-Respondent,**

v.

**ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation, Defendant-Appellant.**

No. 49185.

Supreme Court of Missouri,

En Banc.

June 11, 1962.

V. James Ruddy, St. Louis, for appellant.

Morris A. Shenker, St. Louis, John E. Bardgett, Clayton, for respondent.

WESTHUES, Chief Justice.

On October 3, 1956, Aretha Wise was injured when she fell while a passenger on one of the defendant's streetcars. Her husband, plaintiff Eddy Wise, filed this action to recover damages for loss of services of his wife and consortium. A jury verdict for plaintiff in the sum of $12,000 was reduced by remittitur to $7,000. A judgment was entered for that amount. On appeal to the St. Louis Court of Appeals, the judgment was affirmed. See Wise v. St. Louis Public Service Co., Mo.App., 349 S.W.2d 406. On application of the defendant, the cause was ordered transferred to this court.

For a complete statement of the evidence, reference is made to the opinion of the Court of Appeals. For a disposition of the case in this court, the following statement is deemed sufficient. On the day in question, plaintiff's wife was a fare-paying passenger on a streetcar southbound on Grand Avenue in the City of St. Louis, Missouri. As the streetcar approached Park Avenue, Mrs. Wise sounded the buzzer. She intended to get off the streetcar at Park Avenue. As she was walking toward the door, she claimed the streetcar gave two sudden and unusual jerks causing her to fall. It is claimed that she sustained permanent injuries. Defendant claimed no unusual movement of the streetcar occurred.

The cause was submitted to a jury by an instruction under the res ipsa loquitur doctrine. The defendant offered an instruction on the burden of proof which the trial court refused. This the defendant says was error. The question was briefed and the Court of Appeals held that the trial court was justified in refusing to give the instruction on the theory that it was not substantially correct. The instruction (B) read as follows:

"The Court instructs the jury that the burden of proof is on the plaintiff

to show by the greater weight of the credible evidence that defendant was negligent and that plaintiff's injuries, if any, were the direct result of the negligence of the defendant.

"You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant was not negligent, and if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant."

In the briefs filed in the Court of Appeals, plaintiff urged that the instruction was properly refused for the reason that, in the second paragraph of the instruction, the jury was advised not to find "that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence." Plaintiff cited a number of cases by this court in support of that contention. The defendant cited a number of cases also from this court holding that such an instruction was proper. The apparent conflict in the various opinions disappears to some extent when the factual situations and the wordings of the instructions are examined.

The Court of Appeals held that, in the factual situation as shown by the evidence, the instruction was not improper for the reason urged by the plaintiff. See 349 S.W.2d l. c. 408(1). In this ruling of the Court of Appeals we concur. We shall deal with this subject later in the opinion.

The Court of Appeals, however, sua sponte held the trial court was justified in refusing to give the instruction for the reason that, in the first paragraph of the instruction where it reads, "that *plaintiff's injuries,* if any," the word "damages" and not "injuries" should have been used. See 349 S.W.2d l. c. 408(2, 3). To this we

cannot agree. The word "injuries," as used in the instruction under consideration, imports the same meaning as damages. In Funk and Wagnalls' Practical Standard Dictionary, "injury" is defined as "1. Any wrong, damage, or mischief done or suffered. * * * 3. A wrong or damage done to another." In Webster's Third New International Dictionary, the word "damage" is mentioned as a synonym for "injure"; and under "injury," we find "1a: an act that damages." Under the word "damage" reference is made to the word "injury" as a synonym. We rule that the trial court was not justified in refusing to give the instruction on that ground.

Returning now to the consideration of the so-called "mere fact of the occurrence" instruction, often given in res ipsa loquitur cases, this court should not censure a trial court for giving or refusing to give such an instruction. This is for the reason that this court has in a number of cases advised that such an instruction should not be given in any case, while in other cases such instructions have been approved. Note the case of Rittershouse v. City of Springfield, Mo., 319 S.W.2d 518, l. c. 521, where a number of cases dealing with this subject were reviewed and this court (Division One) said: " * * * but the decisions we have considered in our review of Instruction No. 6 manifest the hazard of error in giving any kind of a mere fact instruction in any kind of a negligence case. We, in passing, were looking at an instruction, 'No. 8,' in Stumpf v. Panhandle Eastern Pipeline Co., 354 Mo. 208, 189 S.W.2d 223, 229, and said the instruction was argumentative and 'the cautionary "mere fact" unnecessary.' By this we certainly were intending to say a cautionary 'mere fact' is unnecessary in fairly and simply submitting the controverted factual issues of a negligence case."

Let us now look at the case of Goldblatt v. St. Louis Public Service Co., 351 S.W.2d 773. The facts in that case are somewhat similar to the facts in the

case before us. In each case, the injury involved was claimed to have been caused by an unusual jerk or jolt of the vehicle in which the injured person was a passenger. Each case was submitted on res ipsa loquitur. In each case, an identical instruction was offered by the defendant, containing the phrase "the mere fact of the occurrence." In the case before us, the instruction was refused while in the Goldblatt case the instruction was given. In the Goldblatt case, a verdict for defendant was returned and on appeal, plaintiff contended that the "mere fact" instruction was prejudicial and should not have been given. In reviewing the question and after considering a number of cases dealing with this subject matter, this court (Division Two) said in the Goldblatt case, 351 S.W.2d 1. c. 774: "Despite protestations to the contrary and the nicety of some of the distinctions, it is most likely, as a matter of rationale, that the 'mere fact' cases are in irreconcilable conflict. Nevertheless, this case can be made to fit the framework of the pronouncements and it is not necessary to rationalize or examine the underlying principles. In the first place, the plaintiff's principal instruction and instruction 6 are admittedly rescripts of the suggested instructions in Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, a res ipsa loquitur case. And although not mentioned in the cases criticizing the 'mere fact of the occurrence' instructions, Harke v. Haase has not been overruled." We rule that in the opinion of Division Two it was correctly stated that the case of Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, had not been overruled. Further, we agree that under the factual situation in the Goldblatt case the giving of the questioned instruction was in conformity with the prevailing rule in this state. It follows that the instruction now before us was authorized by the law as in force at the time of trial. It was the only burden of proof instruction offered and since it was refused, there was no instruction given which even remotely referred to the burden of proof. It was

correctly ruled by the Court of Appeals, 349 S.W.2d 1. c. 408(1), that a defendant in a res ipsa case is entitled as a matter of right to a burden of proof instruction.

On a retrial of this case, is the court to give a burden of proof instruction, if offered, containing the clause "you should not find the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence" or language to that effect? We say, "No." We have decided, in the interest of the proper administration of justice, to eliminate such instructions from our practice. They have tended to confuse rather than clarify the law. Burden of proof instructions can be drawn without such language as was said in the case of Stumpf v. Panhandle Eastern Pipeline Co., 354 Mo. 208, 189 S.W.2d 223, 1. c. 229(13, 14): "The instruction is argumentative, and the cautionary 'mere fact' unnecessary." The res ipsa loquitur doctrine is based upon the theory that a plaintiff is entitled to have his case submitted to a jury on the theory that the occurrence justifies an inference of negligence. 65 C.J.S. Negligence § 220(2) pp. 987–993. In Harke v. Haase, supra, 335 Mo. 1104, 75 S.W.2d 1. c. 1003(2, 3), this court said, "The fact of the occurrence was all that plaintiff's evidence showed in this case. We will therefore consider this case as a res ipsa loquitur case." In such cases, a jury may or may not infer negligence from the fact of the occurrence alone. Occurrence means "the happening of an event." Funk and Wagnalls' Practical Standard Dictionary. "Something that happens unexpectedly and without design" is the definition in Webster's Third New International Dictionary. The same dictionaries define the word "mere" as "such and no more," "nothing but," and "exclusive of or considered apart from anything else." In our opinion, the word "mere" does not affect the meaning of the instruction and may be treated as superfluous.

It is true that if instruction B, quoted supra, is considered in its entirety, it is not

a misstatement of the law. This is for the reason that the jury is advised by the last portion of the instruction that "if you do find and believe from *all* the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant." (Emphasis supplied.) However, the first portion of the second paragraph of the instruction is a misstatement of the law unless the next and last portion of the instruction is given full effect in connection with the first portion.

As has been said in a number of our opinions, the language under consideration, that is, "the mere fact of the occurrence shown by the plaintiff's evidence," is argumentative and in certain circumstances confusing. Such language should not and need not be used in burden of proof instructions.

It would serve no useful purpose to refer to or consider the many cases dealing with this subject. The opinions in the cases cited supra referred to most of those cases. The rulings in the cases where the instruction now under consideration and similar instructions have been approved are hereby overruled and should no longer be followed. This rule shall be effective from the date of the publication of this opinion and shall not affect cases tried prior to that date.

The judgment of the trial court is hereby reversed and the cause remanded.

EAGER, J., concurs.

STORCKMAN, J., concurs in separate opinion filed.

LEEDY and HOLLINGSWORTH, JJ., concur in result.

HYDE, J., concurs in result in separate opinion filed.

DALTON, J., concurs in result and concurs in separate opinion of HYDE, J.

STORCKMAN, Judge (concurring).

I concur fully in the principal opinion but would go farther and disapprove the entire second paragraph of Instruction B because it is argumentative, repetitious and incomplete, and is likely to be confusing and misleading. The paragraph to which I refer reads as follows:

"You should not find that the defendant was negligent from the mere fact of the occurrence shown by the plaintiff's evidence, if you find and believe from all the evidence in the case that the defendant was not negligent, and if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant."

That this paragraph is likely to be confusing and misleading is indicated by the growing number of cases in which it has been questioned, criticized or distinguished.

The subject that it attempts to deal with is sufficiently and better covered by the plaintiff's verdict-directing instruction No. 5 which instructs the jury "that such facts (if you believe them to be true) are sufficient circumstantial evidence to warrant a finding by you that the defendant St. Louis Public Service Company, a Corporation, was negligent, and you may so find *unless you find and believe from other facts and circumstances in evidence that the occurrence was not due to defendant's negligence, * * *.*" Italics supplied. Instruction 5 from which this quotation is taken is in the form suggested in Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001, 1004. It has been almost uniformly used as the plaintiff's principal instruction in a res ipsa loquitur case and has never been seriously questioned.

The thought expressed in the italicized part of instruction 5 is twice repeated in instruction B. I think this repetition is unnecessary and improper. Furthermore, the second repetition directs a verdict for the defendant without hypothesizing any facts.

As a verdict-directing instruction, it is incomplete.

Defendant's instruction No. 6 attacks and converses the plaintiff's basic premise; it instructs the jury "if you further find that said streetcar did not jerk and jolt in a sudden and unusual manner, then your verdict should be for the defendant." If the defense had conceded the unusual movement of the streetcar and sought to excuse it as being caused by an emergency application of the brakes to avoid a collision of some sort, the defendant would have been entitled to an instruction on that theory which would have had to incorporate the hypothesis that the defendant was not negligent in so doing. It would seem that these two kinds of instructions and plaintiff's instruction gives the defendant all that it is entitled to on the merits and all that is contemplated by the second paragraph of instruction B which in effect tells the jury that if it finds "that the defendant was not negligent," then its verdict should be in favor of the defendant.

The paragraph complained of can hardly be said to have a proper place in a burden of proof instruction. As stated in *Stumpf v. Panhandle Eastern Pipeline Company,* 354 Mo. 208, 189 S.W.2d 223, 229 [13], an instruction of this kind is argumentative and cautionary in nature. It also directs a verdict on what purports to be a statement of a rule of law without stating facts upon which the finding is to be made. This was condemned in Harke v. Haase as well as in later cases.

A burden of proof instruction in the usual and accepted form should be sufficient even in a res ipsa loquitur case because McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641, has held that the burden of proof in a res ipsa loquitur case is the same as in any other.

This court should seize every opportunity to eliminate jury argument from instructions. Permitting argumentative instructions to be given is perhaps the greatest single weakness in our instruction practice.

I think we should stop temporizing with this and other "mere fact" situations. I would disapprove of the second paragraph of instruction B in its entirety.

HYDE, Judge (concurring).

■■ I concur in the result because I think defendant was entitled to have a burden of proof instruction such as Instruction B given in this res ipsa loquitur case, in which the main instruction given at plaintiff's request told the jury that the facts of the occurrence therein hypothesized ("sudden and unusual jerk and jolt") "are sufficient circumstantial evidence to warrant a finding * * * that the defendant * * * was negligent." (It also used the word "occurrence" as descriptive of the incident resulting in plaintiff's injuries.) I do not agree that the second sentence of Instruction B is improper. In fact, the principal opinion says, if it "is considered in its entirety, it is not a misstatement of the law." However, it also says the first portion is a misstatement of the law unless the last portion "is given full effect in connection with the first portion." Is there any reasonable basis for not doing so? Of course, any clause taken out of context and considered alone would not likely be adequate to express any intended concept. I can see no basis for refusing to consider a sentence of an instruction as a whole, especially when there is nothing self-contradictory in it and when so considered it is a correct statement of the law. It is our well-settled rule that even separate instructions are construed together as a whole and if, when so considered, they properly state the law, that is sufficient. (See the many cases cited under Trial ☞ number 295(1) (2) West's Missouri Digest.)

Perhaps the term "mere fact" may not be be the best term to express the intended meaning although I think the definitions of "mere" set out in the principal opinion show it was not erroneous to use it in the way it was used in Instruction B. How-

ever,, I would suggest that such language as "from only the fact of the occurrence" might be better. It might even be better to reverse the first two clauses of Instruction B so that the last sentence would read: "If you find and believe from all the evidence in the case that the defendant was not negligent, you should not find that the defendant was negligent from *only* the fact of the occurrence shown by the plaintiff's evidence, and if you do find and believe from all the evidence in the case that the defendant was not negligent, then your verdict should be in favor of the defendant." (For the word "only" emphasized above, the word "solely" might be used or the term "from the fact alone" might be substituted.)

 I do not agree that any part of the second sentence is improper or could make the instruction argumentative or confusing. The fact of the occurrence is not conclusive of negligence. "We follow the res ipsa rule stated by the Supreme Court of the United States in Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 418, 57 L.Ed. 815, as follows: 'Res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidenec to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict.' See McCloskey v. Koplar, 329 Mo. 527, 46 S.W.2d 557, 92 A.L.R. 641; Harke v. Haase, 335 Mo. 1104, 75 S.W.2d 1001; Charlton v. Lovelace, 351 Mo. 364, 173 S.W.2d 13; Cruce v. Gulf, Mobile & O. R. Co., 358 Mo. 589, 216 S.W.2d 78; Jesionowski v. Boston & M. R. Co., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416." Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587, 590. Therefore, I think defendants in res ipsa cases should have the benefit of this kind of burden of proof instruction.