**Dorothy BUFF, Plaintiff-Respondent,**

v.

**A. C. LOCH, d/b/a Twin Gables Trailer Court, Defendant-Appellant.**

**No. 32000.**

St. Louis Court of Appeals.

Missouri.

Oct. 19, 1965.

Rehearing Denied Nov. 17, 1965.

H. L. C. Weier, Dearing, Richeson, Weier & Roberts, Hillsboro, for defendant-appellant.

Burton H. Shostak, Jerome J. Duff, St. Louis, for plaintiff-respondent.

JAMES W. BROADDUS, Special Commissioner.

This is an action for damages for personal injuries. Plaintiff recovered a verdict and

judgment in the amount of $9,000.00. Defendant has appealed.

On September 4, 1962, the date of the occurrence giving rise to this litigation, plaintiff lived with her husband and infant granddaughter on Meyer Road, Festus, Missouri, in a trailer at Twin Gables Trailer Court. The trailer court was owned by defendant, and the relationship between plaintiff and defendant was that of landlord and tenant. While living at the trailer court, plaintiff became acquainted with a Mrs. Holst, another tenant in the court. Plaintiff and Mrs. Holst "visited back and forth at each other's trailers." While going on such a visit, plaintiff sustained her injuries.

The day in question was a rainy one. The rain stopped about 2:00 or 2:30 P.M. and the sun came out. Plaintiff left her trailer about 2:30 P.M. and walked directly toward a washhouse, a laundry room for the tenants, which was situated in line between plaintiff's trailer and that of Mrs. Holst.

Plaintiff's trailer was situated alongside a gravel road which went past the washhouse. She walked out of her trailer, across the gravel road, and down a grassy slope to the sidewalk. She was carrying her granddaughter, who was three or four months old at the time. The sidewalk toward which plaintiff walked led to Mrs. Holst's patio, and that route was the one she generally took.

Adjacent to this walk used in common by the tenants and in the area where plaintiff fell defendant had piled dirt because he was building a trailer pad. The pad was of concrete and was installed a week or two before plaintiff fell. As part of the installation defendant placed fresh dirt around the pad. The pad was two or three feet higher than the walkway and the ground sloped from the pad to the sidewalk. Defendant knew that water ran down onto the sidewalk causing mud to accumulate, and from time to time he would have to shovel the walk free of mud.

Plaintiff could see where she was going, and saw the mud on the walk. She had seen mud on the walk before, but not too much, and never the condition as it existed that day. She did not recall the last time prior to her injury that she saw mud. Plaintiff described the area of the rear of Mrs. Holst's trailer and the sidewalk as wet and real muddy, but "not bad, just sort of damp like." She also described it as "black and murky and slick." She hadn't been in any mud before on that day. She remembered seeing the walk a couple of days before but there was no mud on it. She couldn't see the sidewalk because of the mud. She didn't know the condition of the walk because the mud didn't look deep. "It just looked like it was shallow." While attempting to walk on the sidewalk she slipped in the mud and fell at the edge of the walk.

There is no need to set forth the nature and extent of the injuries plaintiff sustained inasmuch as defendant makes no claim that the verdict is excessive.

Defendant's first contention is that plaintiff was guilty of contributory negligence as a matter of law.

■■ It is well settled that the court should never withdraw a question from the jury unless all reasonable men, in the exercise of a fair impartial judgment, would draw the same conclusion from the facts which condition the issue. This applies to the question of contributory negligence where, the problem is whether reasonable minds might differ as to whether plaintiff's conduct generally conformed to that of a reasonably prudent person. Brandt v. Thompson, Mo., 252 S.W.2d 339.

Defendant asserts that contributory negligence as a matter of law exists because plaintiff knew that mud had been on the sidewalk before; that she took the shortest route; that the alternate route was a hard surface road; that a downpour had occurred, leaving the surface wet and that

plaintiff described the walkway as "black, murky and slick."

■ It has been repeatedly held that "'* * * * mere continued use of a common passageway, after knowledge of its dangerous condition, is not of itself conclusive evidence of a lack of due care on the part of the tenant, since such knowledge does not require the tenant to desist from using same in a careful manner, nor render the careful use of same contributory negligence. * * *'" Roman v. King, 289 Mo. 641, 233 S.W. 161, 165, 25 A.L.R. 1263.

In Brewer v. Silverstein, Mo., 64 S.W.2d 289, 1. c. 291, the court said: "* * * Although plaintiff knew the step was defective, yet, if she reasonably believed she could, with care, safely go upon it, her knowledge of its defective condition did not require her to desist from using it nor render the careful use thereof negligence on her part. * * *"

In the case of Lewis v. Gershon, Mo.App., 335 S.W.2d 522, plaintiff sued her landlord for injuries sustained when she fell down the steps of a common porch. The evidence showed that the concrete porch and steps had been painted and were hard, smooth and "slicky." Another tenant who used the steps was so afraid of falling that she hung onto the walls while descending. Plaintiff stated that the steps were "slicky" and she considered them so dangerous that she used them only every two days. The court held that it could not be held that her testimony established her contributory negligence as a matter of law.

In the case of Feld v. Frankel, Mo., 351 S.W.2d 755, our Supreme Court held that plaintiff, a tenant, was not contributorily negligent as a matter of law when he fell on ice on a common sidewalk.

The record is clear that plaintiff, although she had seen mud on the walk on prior occasions, had not seen such a condition as that which existed immediately prior to her fall. She had not walked in any mud on the date of her accident, and that which she saw appeared damp and shallow. While defendant says the evidence showed the grass and surface were wet, the evidence also showed that the sun was out, it was real hot, and Mrs. Holst's concrete trailer pad was almost dry. Plaintiff stated that the mud looked "black and murky and slick," and defendant construes such to be her description of what she saw prior to falling. Such a condition may reasonably relate to what she saw immediately after she fell and was a means of expression to convey her views to the jury.

■ In our opinion, under the evidence, reasonable minds may well differ as to whether she was exercising ordinary care for her own safety. Thus the question was one of fact for the jury to determine.

Defendant next contends that Instruction P–1 was erroneous. His first complaint is "* * * this instruction is clearly erroneous because of its submission of a hypothesis of failure to warn when the evidence clearly indicated and Mrs. Buff, the plaintiff, testified that she knew of the condition of the walkway before she stepped on it and knew that the mud was slick."

The instruction was in the conjunctive throughout. As said by the Supreme Court in the case of Kimbrough v. Chervitz, 353 Mo. 1154, 186 S.W.2d 461, 1. c. 466: "* * * We permit a plaintiff to hold a verdict under a verdict directing factual instruction submitting several charges of negligence in the conjunctive when the evidence establishes some but fails to establish all of the submitted grounds of recovery against defendant (technically incorrect but tolerated) on the reasoning plaintiff assumed an unnecessary burden with respect to submitted grounds devoid of proof and defendant was not prejudiced. * * *"

■ Another charge of negligence submitted in the instruction was fully supported by the evidence. In fact, it was not disputed. Thus, the error, if any, was harmless.

In paragraph three of the Instruction the jury was required to find " * * * that on September 4, 1962, there was an accumulation of mud on the sidewalk area next to Defendant's washhouse and that this sidewalk, by reason of the accumulation of mud was not reasonably safe to walk upon, and * * * if you further find that the Defendant knew, or by the exercise of ordinary care could have known of the accumulation of such mud on the sidewalk, *and if you further find that the Defendant failed to use ordinary care to make the sidewalk reasonably safe* and that as a direct result of such failure, * * *." Defendant claims that the above language we have placed in italics gave the jury a roving commission to determine negligence upon any factor which they might consider to be a failure on the part of the defendant to use ordinary care. The contention lacks merit. Similar phrases have often appeared in approved instructions. And had the instruction permitted the jury to return a verdict for plaintiff " * * * without a finding that [the] defendants were negligent or failed to exercise reasonable care." it would have been erroneous. Martin v. Gilmore, Mo.App., 358 S.W.2d 462, 1. c. 469.

Defendant's next point is that the court erred in giving Instruction P-2. Its complaint is directed at the first paragraph of that instruction which reads as follows: "The Court instructs the jury that the mere fact that the Defendant claims that the Plaintiff, Dorothy Buff, was guilty of contributory negligence is no evidence that she was in fact contributorily negligent." Defendant cites the case of Wise v. St. Louis Public Service Co., Mo., 357 S.W.2d 902, where the Supreme Court condemned the use of the words "mere fact of the occurrence" in a burden of proof instruction. That case was brought under the *res ipsa loquitur* doctrine. And, as the court pointed out: " * * * The *res ipsa loquitur* doctrine is based upon the theory that a plaintiff is entitled to have his case submitted to a jury on the theory that the *occur-*

*rence* justifies an inference of negligence. * * *" The instant case is clearly distinguishable from the *Wise* opinion. This because, unlike the *Wise* case, it was not submitted under the *res ipsa loquitur* theory. The distinction we here make finds full support in the holding of the Supreme Court in the later case of Keith v. Jos. G. Schmersahl Co., Mo., 371 S.W.2d 334, 1. c. 337, 338. The language used in the instruction before the court in the *Keith* case was " ' * * * and *the mere fact of itself that plaintiff has brought suit* * * *.' " The court said: " * * * Furthermore, instruction 7 is not comparable either in form or substance to the condemned instruction in the Wise case. * * *" The same can be said of the instruction here complained of. We rule the contention against defendant.

Finally, defendant contends that the court erred in failing to declare a mistrial because of improper argument of plaintiff's counsel. During the closing argument plaintiff's counsel made the following statement: "Now, ladies and gentlemen of the jury, this case has come to rather an abrupt halt. Now, first of all I am compelled to point out that the defendant, by an order of the Court, had Mrs. Buff examined by a doctor, Dr. Holt."

After defendant's counsel objected and moved for a mistrial, the court advised plaintiff's counsel, " * * * I think I'd stay away from that. I don't believe it has anything to do with the case." To which plaintiff's counsel replied, "All right, sir." Plaintiff's counsel thereafter, and out of the hearing of the jury requested the court to permit him to comment on the failure of the defendant to produce Dr. Holt as a witness.

To this defendant objected and his objection was sustained. After the court sustained his objection the defendant did not ask for any other relief. We fail to see where there was any abuse of the trial court's discretion. See Rawley v. Eiler-

mann Transfer Co. et al., Mo.App., 390 S.W.2d 937.

The judgment should be affirmed. Your Special Commissioner so recommends.

PER CURIAM:

The foregoing opinion by BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the judgment is affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.