■ CHAEHEE JUNG et al., Respondents, v KUM GANG, INC., Doing Business as KUM GANG SAN RESTAURANT, Appellant-Respondent, and KIT REALTY, INC., Respondent-Appellant. [806 NYS2d 62]—

In an action to recover damages for personal injuries, etc., the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated February 18, 2004, as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Kit Realty, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on the issue of liability on its cross claim asserted against the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant for breach of contract for failure to procure insurance coverage.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying that branch of the cross motion of the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant which was for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision granting that branch of the cross motion, and (2) deleting the provision thereof denying those branches of the motion of the defendant Kit Realty, Inc., which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and for summary judgment on the issue of liability on its cross claim asserted against the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant for breach of contract for failure to procure insurance coverage, and substituting therefor a provision granting those branches of the motion; as so modified, the order is af-

firmed insofar as reviewed, with one bill of costs to each defendant payable by the plaintiffs, the complaint is dismissed, the cross claim of the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant against Kit Realty, Inc., is dismissed, the cross claim of the defendant Kit Realty, Inc., against the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant is severed, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages on the cross claim for breach of contract for failure to procure insurance coverage against the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant.

The Supreme Court erred in denying those branches of the cross motion of the defendant Kum Gang, Inc., doing business as Kum Gang San Restaurant (hereinafter Kum Gang) and the motion of the defendant Kit Realty, Inc. (hereinafter Kit), which were for summary judgment dismissing the complaint insofar as asserted against them. Kum Gang and Kit established their prima facie entitlement to judgment as a matter of law by demonstrating that the stairs on which the plaintiff Chaehee Jung (hereinafter the plaintiff) allegedly fell were not defective. At her deposition, the plaintiff testified that the stairs, which consisted of two risers, were neither cracked nor unstable, and had no water or other foreign substances on them. The lighting in the area was adequate, and the plaintiff saw the stairs before she fell. The plaintiff had little recollection of the accident itself, and could not remember which step she fell from. Although she had a "feeling" that the stairs were "not normal," she could not articulate what, if anything, caused her to fall. In particular, she could not recall whether she tripped or slipped on anything, and she did not look at the stairs after her accident to ascertain why she had fallen.

In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the stairs in question were not "interior stairs" as that term is defined in Administrative Code of the City of New York § 27-232, and thus did not require a handrail (see *Walker v 127 W. 22nd St. Assoc.*, 281 AD2d 539 [2001]; *cf. Union Bank & Trust Co. of Los Angeles v Hattie Carnegie, Inc.*, 1 AD2d 199 [1956]; *Stark v Franklin Simon & Co.*, 237 App Div 42 [1932]). "[U]nless a stairway in a store or other commercial or public premises comes within the purview of a statute requiring that handrails be provided, the owner may not be held liable for maintaining a dangerous stairway because of the absence of a handrail where the steps are in no way defective" (86 NY Jur 2d, Premises Liability § 445; *compare Brooks v Bergdorf-Goodman Co.*, 5 AD2d 162 [1958]

[complaint dismissed in absence of evidence of any defect or code violation predicated on lack of handrail], *and Union Bank & Trust Co. of Los Angeles v Hattie Carnegie, Inc., supra* [same], *with Chafoulias v 240 E. 55th St. Tenants Corp.,* 141 AD2d 207 [1988] [complaint reinstated where location and appearance of stairs presented a dangerous condition or trap, even though absence of handrail was not in violation of code], *and Portilla v Rodriguez,* 179 AD2d 631 [1992] [new trial granted where evidence of code violation based on absence of handrail was tendered, even though no defect in stairs had been alleged]). Accordingly, the complaint should have been dismissed, along with Kum Gang's cross claim against Kit for contribution and/or indemnification.

The Supreme Court should have granted that branch of Kit's motion which was for summary judgment on the issue of liability on Kit's cross claim against Kum Gang for breach of contract for failure to procure insurance coverage. The lease between Kit and Kum Gang clearly required the latter to procure personal injury liability insurance coverage naming Kit as an insured. In opposition to Kit's prima facie showing of entitlement to judgment as a matter of law, Kum Gang failed to produce any evidence establishing its compliance with this obligation (*see Taylor v Gannett Co.,* 303 AD2d 397 [2003]). For similar reasons, Kum Gang's contention that the Supreme Court should have denied that branch of its motion which was for summary judgment dismissing that cross claim is without merit. Accordingly, the cross claim is severed, and we remit the matter to the Supreme Court, Queens County, for a trial on the issue of damages on that cross claim.

The plaintiffs' remaining contentions are without merit. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.