■ MAIJA-LEENA REMES, Respondent-Appellant, v 513 WEST 26TH REALTY, LLC, Appellant-Respondent, et al., Defendant. (And a Third-Party Action.) 513 WEST 26TH REALTY, LLC, Second Third-Party Plaintiff-Appellant-Respondent, v INTEGRITY CONTRACTING, INC., et al., Second Third-Party Defendants, and MURDOCH YOUNG ARCHITECTS, Second Third-Party Defendant-Appellant. (And a Third Third-Party Action.) [903 NYS2d 8]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered December 10, 2009, which, insofar as appealed from as limited by the briefs, in an action for personal injuries, denied the motions of defendant 513 West 26th Realty, LLC (Owner) and second third-party defendant Murdoch Young Architects (Architect) for summary judgment dismissing the complaint and cross claims as against them, and dismissed the branch of plaintiff's complaint alleging negligence premised on optical confusion, unanimously modified, on the law, the motions of the Owner and Architect granted, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff was injured when, while waiting for a friend in the lobby of Owner's building, she took a step backward and fell down two steps from the lobby into a smaller room where the

building tenants' mailboxes were located. When plaintiff fell, she tried to grab onto something to break her fall, but was unsuccessful, as there were no handrails installed by the stairs.

The court incorrectly concluded that the stairs at issue were "interior stairs" such that Owner and Architect were required to install handrails (Administrative Code of City of NY §§ 27-232, 27-375 [f]), as the subject stairs do not serve as an exit to the building (*see* Administrative Code § 27-232; *Mansfield v Dolcemascolo*, 34 AD3d 763, 764 [2006]; *Maksuti v Best Italian Pizza*, 27 AD3d 300 [2006], *lv denied* 7 NY3d 715 [2006]; *Union Bank & Trust Co. of Los Angeles v Hattie Carnegie, Inc.*, 1 AD2d 199, 200 [1956]). Even assuming that the stairs constitute a "vertical exit," the lobby at issue does not meet the requirements of the provisions setting forth the circumstances where "street floor lobbies" could function as "exit passageways" (*see* Administrative Code § 27-370 [h] [1], [3]).

In light of the photographs, which show an obvious drop in elevation and trimmings against the wall outlining the steps, and the deposition testimony that no prior similar incidents had occurred and that bright lights illuminated the stairway area, Owner made a prima facie showing that the stairway area did not constitute a hazardous condition or hidden trap proximately causing plaintiff's injuries (*see Broodie v Gibco Enters., Ltd.*, 67 AD3d 418 [2009]; *Burke v Canyon Rd. Rest.*, 60 AD3d 558 [2009]). In opposition, plaintiff failed to submit evidence sufficient to show that the stair area created optical confusion so as to defeat Owner's prima facie showing (*see Stillman v Frankel*, 44 AD2d 821, 821-822 [1974], *affd* 36 NY2d 899 [1975]; *Schreiber v Philip & Morris Rest. Corp.*, 25 AD2d 262, 263-264 [1966], *affd* 19 NY2d 786 [1967]; *Brooks v Bergdorf-Goodman Co.*, 5 AD2d 162, 163-164 [1958]; *compare Chafoulias v 240 E. 55th St. Tenants Corp.*, 141 AD2d 207, 210-212 [1988]). Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ. [**Prior Case History: 2009 NY Slip Op 32888(U).**]