Thompson v Rodney (2022 NY Slip Op 00068)





Thompson v Rodney


2022 NY Slip Op 00068


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Index No. 307475/11 Appeal No. 14991 Case No. 2019-04600 

[*1]Renee Thompson, Plaintiff-Respondent,
v
Joseph Rodney et al., Defendants-Appellants.


The Law Office of RenÉ Myatt, Hollis (RenÉ Myatt of counsel), for appellants.
Goidel & Siegel, LLP, New York (Stephen Nappi of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered October 8, 2019, upon a jury verdict in favor of plaintiff, unanimously reversed, on the law, without costs, and the matter remanded for a new trial on liability.
Plaintiff brought this action to recover damages for injuries she sustained when she fell down an exterior staircase at an apartment building owned by defendants. Plaintiff claimed that she fell because the staircase was dark, there was no handrail, and there was garbage on the steps. The jury found in plaintiff's favor and awarded her $350,000 in damages.
The trial court properly denied defendants' motion to declare a mistrial based on the testimony given by plaintiff's medical expert regarding range of motion. On cross-examination, the expert testified that she found that plaintiff had limited range of motion based both on her review of plaintiff's medical records, as well as on her own examination of plaintiff. That testimony contravened the court's earlier ruling that the expert could not testify based on her own examination because plaintiff had failed to disclose the expert's report of her examination. Although defendants' questioning did not open the door for the expert to testify about her examination, we find that the expert's nonspecific testimony on range of motion was not so prejudicial as to require a mistrial.
The trial court correctly denied defendants' motion for a directed verdict dismissing plaintiff's claims. Although plaintiff was not able to identify the exact cause of her fall, she and her boyfriend, defendants' porter, testified to several potentially dangerous conditions from which causation could be reasonably inferred (see Haibi v 790 Riverside Dr. Owners, Inc., 156 AD3d 144, 147 [1st Dept 2017]).
However, the trial court should not have submitted to the jury plaintiff's theory of liability premised on lack of a handrail because plaintiff did not argue that the steps were defective and she did not establish that a statute required the staircase to have a handrail (see Chaehee Jung v Kum Gang, Inc., 22 AD3d 441, 442-443 [2d Dept 2005], lv denied 7 NY3d 703 [2006]; Chester v Museum of Modern Art, 180 AD3d 562 [1st Dept 2020]). Given the non-specific nature of the negligence interrogatory, it is impossible to determine the basis of the jury's liability finding against defendants. Thus,
a new trial is warranted on liability. In light of this determination, we do not reach defendants' remaining arguments, which are rendered moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022