■ Thomas J. Nelson, Appellant, v Edward A. Hanna, Individually and as Mayor of the City of Utica, et al., Respondents—Order unanimously affirmed, without costs. Memorandum: We affirm for the reason, as noted by Special Term, that section 20 of the Utica City Charter (L 1862, ch 18, as amd by L 1876, ch 371, § 7; L 1899, ch 282, § 1; L 1953, ch 878, § 301) limits the rights of the boards, departments, and officers who are to be advised by the Corporation Counsel to employ outside counsel, but does not limit the right of the Corporation Counsel to do so. Section 20, therefore, does not conflict with or limit section 201 of the Second Class Cities Law (L 1906, ch 473, § 201, as amd by L 1921, ch 363, § 1), which grants to the Corporation Counsel the right to employ outside counsel with written consent of the Mayor. The two statutes may be harmonized and read together as limiting the rights of those boards, departments, and officers advised by the Corporation Counsel to employ outside counsel but granting to the Corporation Counsel himself the power to do so. The subsequent enactment of section 201 of the Second Class Cities Law, which clearly distinguishes the powers of the Corporation Counsel from the powers of those whom he advises, confirms our conclusion that the Legislature intended in section 20 of the Utica City Charter to exclude the Corporation Counsel from the group of those who are required by section 20 to obtain permission from the city council before hiring outside counsel. A subsequent statute in pari materia with an earlier one may be considered as an aid in the construction of the earlier statute (McKinney's Cons Laws of NY, Book 1, Statutes, § 223). (Appeal from order of Oneida Supreme court—summary judgment.) Present —Moule, J. P., Cardamone, Simons, Dillon and Hancock, Jr., JJ.