(March 24, 1986)

■ DIANA ANGULO, Appellant, v SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent.—In an action to recover upon two policies of life insurance, the defendant moves for reargument of an appeal by the plaintiff from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated November 24, 1983, as denied those branches of the plaintiff's motion which were to dismiss the defendant's first affirmative defense and for summary judgment. The appeal was decided by an order of this court dated April 15, 1985 (Angulo v Security Mut. Life Ins. Co., 110 AD2d 737).

Motion granted, this court's decision and order, both dated April 15, 1985, recalled and vacated and, upon reargument, order dated November 24, 1983 affirmed, insofar as appealed from, without costs or disbursements.

On reargument, defendant draws this court's attention for the first time to matters which preclude an award of summary judgment to plaintiff, notwithstanding our construction of Insurance Law former § 151 (7) (now § 3211 [f]).

The first question raised on the appeal concerns the applicability of Insurance Law former § 151 to two life insurance policies that were in effect for less than three years and which provided for monthly payment of premiums. The insured died on January 10, 1979, less than a year after he had defaulted on his premium payments, and the defendant, which did not give the notice of lapse provided for in Insurance Law former § 151, now argues, *inter alia,* that the section was not applicable to the policies involved here.

Relevant to our construction of the operative section is the fact that at its 1984 session, the Legislature recodified the Insurance Law *(see,* L 1984, ch 367), declaring in section 102 of the new act "that the purpose of this chapter is to recodify, without substantive change" the Insurance Law previously in effect. The recodification eliminated an ambiguity in language that generated the current controversy where the parties dispute the meaning of Insurance Law former § 151. Under the rules of statutory construction, the 1984 amendment clarifies the meaning of the earlier sections.

The recodification replaced former section 151 with section 3211. Insurance Law § 3211 (a) (1) provides that unless prior written notice of lapse is given, no life insurance policy delivered in this State shall lapse in less than one year after default in premium payment. Insurance Law § 3211 (f) (2) declares that where the policy is to be paid for by monthly premiums or at shorter intervals, the prior written notice requirement is not applicable "provided in the case of policies of life insurance the insurer issuing such policy elects with respect to *all* such policies to mail a written notice *within six months* after termination or lapse to the insured * * * stating the type and amount of any automatic nonforfeiture benefit in force" (emphasis supplied). However, Insurance Law § 3211 had not yet been enacted at the time in issue here, and the question is whether the defendant was required to give the same notice under former section 151.

Insurance Law former § 151 (7) (now § 3211 [f]), subjected the insurer's obligation to give prior notice of lapse to the following exception: "The provisions of this section shall not apply to any policy of insurance requiring the payment of premiums monthly or at shorter intervals, provided in the case of policies of life insurance the insurer issuing such policy elects with respect to *all* such premium-paying policies to mail a notice of any non-forfeiture benefit after lapse in accordance with the provisions prescribed in the event of lapse

of industrial life insurance policies by section one hundred fifty-two" (emphasis supplied).

Former section 152, which dealt with industrial life insurance, required a notice of automatic nonforfeiture benefits to be given to the insured within six months after lapse but limited its application to "such policies" as had been in force for three years. The ambiguity before us now derives from the fact that former section 151 provided for notice of nonforfeiture benefits to the holders of "all such premium-paying policies" while former section 152 provided that the notice need be given only to the holders of policies upon which three years of premium payments had been made. In eliminating the ambiguity, Insurance Law § 3211 (f) (2) requires notice of nonforfeiture benefits to be given to "all" life insurance policyholders within six months of lapse and omits the requirement that three years of premium payments be made.

Since the recodification resolved the ambiguity and such amendatory action by the Legislature must be construed as reflecting what the actual intent of former section 151 was (see, Nelson v Hanna, 67 AD2d 820; Rozler v Franger, 61 AD2d 46, affd 46 NY2d 760; Jaffe Plumbing & Heating Co. v Brooklyn Union Gas Co., 51 Misc 2d 1083, affd 29 AD2d 1051, affd 26 NY2d 851), we now conclude that three years of premium payments were not a condition precedent to the requirement that all policyholders be given notice of nonforfeiture benefits. Such notice was not given and prior notice of lapse is also absent.

Notwithstanding the foregoing, the defendant contends upon reargument that Insurance Law former § 151 (7) (now § 3211 [f]) requires notice only when there are automatic nonforfeiture benefits in force, and that the policies in suit do not contain provision for such benefits. Furthermore, the defendant argues that such notice requirement is abrogated by the death of the insured within the postlapse, six-month period, and that, in any event, the plaintiff engaged in conduct which constituted a waiver of such notice. Because neither of the parties presented these arguments to Special Term, we decline to address them on the present record. Nevertheless, these additional contentions indicate the existence of legal and factual issues which preclude an award of summary judgment to the plaintiff. Accordingly, the order is affirmed, insofar as appealed from. Lazer, J. P., Gibbons, Niehoff and Rubin, JJ., concur.