■ LYNDON WALKER, Appellant, v 127 WEST 22ND STREET ASSOCIATES, Respondent. (And a Third-Party Action.) [722 NYS2d 250] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Cammer, J.), dated July 27, 2000, which, upon

granting the defendant's motion pursuant to CPLR 4401 made at the close of the evidence to dismiss the complaint, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was injured when he slipped and fell on a staircase in the defendant's building, which was leased to the plaintiff's employer. The staircase provided access between the first floor and the basement levels of the building. At trial, the plaintiff introduced expert testimony attempting to prove that the staircase violated Administrative Code of the City of New York § 27-375, which pertains to interior stairs. However, contrary to the plaintiff's contention, the Supreme Court properly determined that those stairs were not interior stairs as that term is defined in Administrative Code of the City of New York § 27-232, and thus the Code regulations governing interior staircases did not apply (*see, Union Bank & Trust Co. v Hattie Carnegie, Inc.,* 1 AD2d 199; *see also, Gaston v New York City Hous. Auth.,* 258 AD2d 220; *Nameny v East N. Y. Sav. Bank,* 267 AD2d 108). The plaintiff failed to prove that the defendant, an out-of-possession landlord, violated any specific statutory provision (*see, Guzman v Haven Plaza Hous. Dev. Fund Co.,* 69 NY2d 559; *Kilimnik v Mirage Rest.,* 223 AD2d 530). Accordingly, the court properly dismissed the complaint at the close of the evidence. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.