▄▄▄ CYNTHIA L. ROOSEVELT et al., Respondents, v AC-CELINEAR COMPANY, Appellant. [790 NYS2d 343]—

Appeal from an order of the Supreme Court, Onondaga County (James W. McCarthy, A.J.), entered June 14, 2004. The order denied defendant's motion for leave to renew and reargue and for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that said appeal from the order insofar as it denied leave to reargue be and the same hereby is unanimously dismissed and the order is affirmed with costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Cynthia L. Roosevelt (plaintiff) that were allegedly caused by the negligence of defendant, a machinery repair firm. Plaintiff was injured while attempting to repair a radiotherapy couch unit used by her in her employment as a physical therapist. Prior to the injury, repairmen employed by defendant had serviced the unit pursuant to a contract with plaintiff's employer, allegedly for the same problem that persisted on the date of the injury. Allegedly, just prior to the injury, one of defendant's repairmen had advised plaintiff by telephone to attempt to repair the unit herself and further had instructed her with respect to the method of repair.

Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the complaint. In addition, although the court did not expressly deny that part of defendant's motion seeking leave to renew and reargue a prior motion to dismiss the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]), the failure to rule is deemed a denial (*see Brown v U.S. Vanadium Corp.*, 198 AD2d 863, 864

[1993]), and we conclude that the court properly denied that part of defendant's motion seeking leave to renew the prior motion as well. No appeal lies from an order denying a motion for leave to reargue and thus, to the extent that defendant's motion also sought leave to reargue the prior motion, the appeal from that part of the order is dismissed (see *Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]).

There are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons," i.e., where the contracting party fails to exercise reasonable care in the performance of his or her duties and thereby launches a force or instrument of harm, where plaintiff detrimentally relies on the continued performance of the contracting party's duties, and "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). We conclude that plaintiffs' claims for negligent repair or nonrepair of the unit, and also for negligent advice or instruction, are viable under the first two of the foregoing tests and thus able to withstand a motion to dismiss for failure to state a cause of action. We further conclude that there are triable issues of fact with respect to the elements of those tests and whether defendant breached a duty of due care to plaintiffs. Thus, defendant is not entitled to summary judgment dismissing the complaint (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.