◼ CZESLAW WEISS et al., Appellants-Respondents, v CITY OF NEW YORK et al., Respondents, and N.Y. FRIENDLY CONSTRUCTION, INC., Respondent-Appellant. (And a Third-Party Action.) [792 NYS2d 530]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated January 30, 2003, as denied their motion for summary judgment on its cause of action alleging violation of Labor Law § 240, and the defendant N.Y. Friendly Construction, Inc., cross-appeals, as limited by its brief,

from so much of the same order as denied its motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6), Administrative Code of the City of New York §§ 27-127, 27-128, and 27-375, and Multiple Dwelling Law §§ 78 and 80, insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant N.Y. Friendly Construction, Inc., which were for summary judgment dismissing the causes of action alleging violations of Administrative Code of the City of New York §§ 27-127, 27-128, and 27-375, and Multiple Dwelling Law §§ 78 and 80, insofar as asserted against it, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In support of their motion for summary judgment, the plaintiffs failed to demonstrate the absence of a triable issue of fact as to whether the ladder from which the plaintiff Czeslaw Weiss fell was an enumerated device under Labor Law § 240 (1), whether Weiss's fall resulted from the breach of a duty to maintain the ladder or provide a safe workplace, and which of the parties bore the duty to maintain the ladder in a safe condition (*see* Labor Law §§ 200, 240 [1]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In support of its motion for summary judgment, the defendant N.Y. Friendly Construction, Inc. (hereinafter N.Y. Friendly), the subcontractor/site manager, contracted to do all construction for the building renovation project in question, failed to demonstrate the absence of a triable issue of fact concerning whether the ladder from which Weiss fell was an enumerated device under Labor Law § 240 (1), whether N.Y. Friendly bore any duty to maintain the ladder in a safe condition, and whether N.Y. Friendly violated relevant implementing regulations that would support a cause of action against it under Labor Law § 241 (6) (*see* Labor Law §§ 200, 240 [1]; § 241 [6]; *see also Winegrad v New York Univ. Med. Ctr., supra* at 853; *O'Hare v City of New York*, 280 AD2d 458 [2001]).

However, N.Y. Friendly established a prima facie case for partial summary judgment by demonstrating that Administrative Code of the City of New York §§ 27-127, 27-128, and 27-375 were not applicable to it. Those sections impose a nondelegable duty on building owners to maintain their premises in a safe condition (*see Beck v Woodward Affiliates*, 226 AD2d 328, 330 [1996]). N.Y. Friendly did not own the subject building. More-

over, the ladder did not qualify as "interior stairs" as defined in Administrative Code of the City of New York § 27-232, and as governed by Administrative Code of the City of New York § 27-375, because it provided access between the first floor of the building and the building's basement, and did not serve as a required exit from the building (see Administrative Code of City of NY §§ 27-232, 27-375; *Walker v 127 W. 22nd St. Assoc.*, 281 AD2d 539, 540 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the plaintiffs' claims based on violations of the Administrative Code of the City of New York should have been dismissed insofar as asserted against that defendant.

Similarly, N.Y. Friendly established, prima facie, that Multiple Dwelling Law §§ 78 and 80 did not apply directly to it. Those provisions impose a nondelegable duty on owners to maintain their premises in a reasonably clean and safe condition (see *Mas v Two Bridges Assoc.*, 75 NY2d 680, 687 [1990]). A party who is injured as a result of an owner's failure to fulfill those duties may recover damages from the owner despite the fact that the duty of maintenance has been delegated to another (*id.* at 687). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the plaintiffs' claims based on violations of the Multiple Dwelling Law should have been dismissed insofar as asserted against N.Y. Friendly. H. Miller, J.P., Ritter, Mastro and Lifson, JJ., concur.