■ STEVEN G. MARCINAK, Respondent, v TECHNICAL MECHANICAL SERVICES, INC., Appellant. STEVEN G. MARCINAK, Plaintiff, v CHASE MANHATTAN BANK et al., Respondents, et al., Defendant. [793 NYS2d 350]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered December 22, 2003, upon a jury verdict that apportioned liability 75% against defendant Chase Manhattan and 25% against defendant Technical Mechanical Services, awarding plaintiff the principal amount of $315,000 against Technical only, and bringing up for review a judgment, same court and Justice, entered December 20, 2003, to the extent that it dismissed the action as against defendant Chase, unanimously modified, on the facts, the originally apportioned verdict reinstated, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly.

Technical, which contracted to service certain aspects of the refrigeration units at issue, did not have the kind of comprehensive and exclusive contract that would displace building owner Chase's normal duty to maintain the premises in a safe manner

(*see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]). Indeed, the facts establish that Chase's managing agent had a continuous presence in the area of plaintiff's fall, monitoring and maintaining the equipment there. But there is sufficient evidence in the record that Technical might have launched its own force or instrument of harm (*Roosevelt v Accelinear Co.*, 15 AD3d 937 [2005]; *Vega v S.S.A. Props., Inc.*, 13 AD3d 298 [2004]). Technical removed and reinstalled the turbine and diaphragms of the refrigeration machine and fabricated new gaskets for the oil lines, to seal the flanges from oil leaks. Yet according to Technical's own employee, oil leaked continuously from the machine at least until October 8, 1998, when an attempt was made to correct the situation. Nonetheless, both plaintiff and the managing agent's chief operating engineer testified that the machine was still leaking on the date of the accident, 18 days later. Although Technical did not specifically oppose Chase's motion to set aside the verdict, it did assert its opposition by virtue of the argument that its contract did not displace Chase's duty to keep the premises reasonably safe. Thus, we find this issue to be sufficiently preserved for appellate review.

In considering Chase's retention of potential liability under the contract, we note that there was evidence by which a jury could infer the slippery condition stemmed from defective equipment, which on several occasions overflowed water onto the floor of the premises. As such, plaintiff was required to produce evidence that the landowner exercised supervision or control over the work or had notice of the existence of a dangerous condition (*Akins v Baker*, 247 AD2d 562 [1998]). Plaintiff sufficiently met this burden by demonstrating notice to the managing agent (*see Seward Park Hous. Corp. v Cohen*, 287 AD2d 157 [2001]). Concur—Tom, J.P., Andrias, Sullivan and Williams, JJ.