MUE MAKSUTI, Appellant, v BEST ITALIAN PIZZA, Defendant, and 2488 GRAND CONCOURSE REALTY CORP., Respondent. [811 NYS2d 375]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 5, 2005, which, in an action for personal injuries sustained in a fall on stairs located in premises owned by defendant and leased to plaintiff's employer, granted defendant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

In considering plaintiff's expert's contention that the stairs in question failed to comply with requirements pertaining to treads, risers and handrails contained in section 153, "Interior stairs," of the applicable 1916 Building Code, the motion court, absent a definition of interior stairs in the 1916 Code, properly considered the definition thereof in the current Code (Administrative Code of City of NY § 27-232; see Nelson v Hanna, 67 AD2d 820 [1979]; Ellis v Gold, 204 AD2d 261, 263 [1994], lv denied 84 NY2d 807 [1994]; McKinney's Cons Laws of NY, Book 1, Statutes §§ 223, 75 [a]; § 422), i.e., "[a] stair within a building, that serves as a required exit." These stairs, which were located under a trap door and ran between the first floor and basement from within the premises, did not serve as a required "exit," i.e., as a required "means of egress from the interior of a building to an open exterior space" (Administrative Code

§ 27-232), and therefore are not interior stairs within the meaning of the current Code (*see Walker v 127 W. 22nd St. Assoc.*, 281 AD2d 539 [2001]). We reject plaintiff's argument that current Administrative Code § 27-375, entitled "Interior stairs," applies to all stairs, not just interior stairs, insofar as subdivisions (e) and (f) pertaining to risers, treads, guards and handrails are concerned. Absent other interpretive aids, we find that the stairs in question are not interior stairs within the meaning of the 1916 Code, and absent allegations of other statutory violations, no issues of fact are raised as to whether defendant, an out-of-possession landlord, had constructive notice of the violation of any specific statutory provision. Accordingly, the complaint was properly dismissed (*see Walker*; *see also Cepeda v 3604-3610 Realty Corp.*, 298 AD2d 175, 175-176 [2002]). Concur—Andrias, J.P., Saxe, Friedman, Marlow and Sullivan, JJ.