■ NICHOLAS MANSFIELD, Respondent, v SALVADOR DOLCE-MASCOLO et al., Appellants. (And a Third-Party Action.) [826 NYS2d 115]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their reply brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 11, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint is granted.

This matter arises from the plaintiff's fall in a stairway on premises owned by the defendants and operated as a bar and restaurant by the third-party defendant, U Bar, LLC. The

stairway was accessible through an opening in the floor behind the bar and descended to the building's basement. The plaintiff, a bartender, was descending the stairway when he slipped and fell to the basement floor.

The defendants made an initial showing of entitlement to summary judgment dismissing the complaint by setting forth a prima facie case that the stairway was not defective (*see Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560 [2005]). In response, the plaintiff failed to raise a triable issue of fact as to whether the stairway was in a defective condition.

The plaintiff contends that the location of the stairway and his expert's report established that the stairway was an "interior stair," as defined in Administrative Code of the City of New York § 27-232 and as governed by Administrative Code of the City of New York § 27-375. The plaintiff claims the stairway violated multiple requirements of Administrative Code of the City of New York § 27-375 and that these violations showed the stairway was structurally defective.

Because the configuration and location of the stairway is not at issue, the applicability of the requirements of the Administrative Code of the City of New York for "interior stairs" is a question of law to be resolved by the court (*see Gaston v New York City Hous. Auth.*, 258 AD2d 220, 224 [1999]; *see also Wirth v De Vito*, 74 AD2d 827 [1980]). Contrary to the plaintiff's arguments, the stairway was not an "interior stair" as defined by the Administrative Code of the City of New York because it did not serve as a required "exit" (*see* Administrative Code of City of NY § 27-232). The stairway ran from an opening in the floor behind the bar to the basement floor and did not serve as a means of egress to an open exterior space on either end. Accordingly, the safety requirements of Administrative Code of the City of New York § 27-375 governing the condition of "interior stairs" were inapplicable (*see* Administrative Code of City of NY §§ 27-232, 27-375; *see also Maksuti v Best Italian Pizza*, 27 AD3d 300 [2006]; *Weiss v City of New York*, 16 AD3d 680, 681-682 [2005]; *Walker v 127 W. 22nd St. Assoc.*, 281 AD2d 539, 540 [2001]).

The other sections of the Administrative Code of the City of New York allegedly violated failed to offer an independent basis of liability (*see* Administrative Code of City of NY §§ 27-127, 27-128; *see also Jang Hee Lee v Sung Whun Oh*, 3 AD3d 473, 474 [2004]; *Ahmad v City of New York*, 298 AD2d 473, 474 [2002]). The plaintiff also failed to cite empirical data or an industry standard independent of the Administrative Code of the City of New York to support his allegation of a defective condition (*see*

*Rochford v City of Yonkers,* 12 AD3d 433, 433-434 [2004]; *Aghabi v Sebro,* 256 AD2d 287, 288 [1998]). Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the defendants' prima facie showing and summary judgment dismissing the complaint should have been granted. Florio, J.P., Krausman, Lunn and Covello, JJ., concur.