■ MONIQUE SALERNO, Appellant, v STREET RETAIL, INC., et al., Defendants, and RKO CENTURY WARNER THEATRES, INC., et al., Respondents. [831 NYS2d 265]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated November 4, 2005, as granted that branch of the motion of the defendants RKO Century Warner Theatres, Inc., incorrectly sued herein as RKO Century Warner Theatres, Inc., individually and doing business as Cineplex Odeon Fresh Meadows, Loews Cineplex Entertainment Corp., and Loews Cineplex Theatres, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped while she was descending a carpeted staircase at the Cineplex Odeon Fresh Meadows movie theater complex in Queens. She stated in her deposition that she had been to that theater in the past and had previously used the same stairway, under the same conditions, without any difficulty. She further asserted that on the day of the accident, she saw no debris or obstructions on the staircase. She attributed her fall to the pattern of the carpet that confused her and to inadequate lighting. She subsequently commenced this action, inter alia, against the operator of the theater, the defendant RKO Century Warner Theatres, Inc., incorrectly sued herein as RKO Century Warner Theatres, Inc., individually and doing business as Cineplex Odeon Fresh Meadows, as well as against the affiliated defendants Loews Cineplex Entertainment Corp. and Loews Cineplex Theatres, Inc. (hereinafter collectively RKO). RKO successfully moved for summary judgment dismissing the complaint insofar as asserted against it. We affirm.

Contrary to the plaintiff's contention, RKO established its prima facie entitlement to judgment as a matter of law by demonstrating, through competent evidence, that the lighting in the area of the accident was adequate and that the stairs, under the circumstances, presented an open and obvious condition that was not inherently dangerous (see *Jones v Presbyterian Hosp. in City of N.Y.*, 3 AD3d 225, 226 [2004]; *Gibbons v Lido & Point Lookout Fire Dist.*, 293 AD2d 646, 647 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. "The affidavit submitted by the plaintiff['s] expert was conclusory and unsubstantiated, and therefore insufficient to defeat summary judgment" (*Trummer v Niewisch*, 17 AD3d 349, 350 [2005]). Accordingly, the Supreme Court properly granted RKO's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.