■ RONALD SCHWARTZ et al., Respondents, v ESTHER HERSH, Appellant. [856 NYS2d 640]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated February 7, 2007, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The injured plaintiff allegedly fell when he "missed" the last step of a staircase he was descending in a building owned by the defendant. The injured plaintiff alleged that the handrail on the left side of the staircase did not extend to the bottom of the staircase, the staircase was dim, and that the carpet on the staircase, which was identical to the carpet on the floor, created an optical illusion. The injured plaintiff stated that prior to the date of the accident, he had used the subject staircase at least 100 times, and that he never had any problems negotiating the steps.

The defendant established her entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate

that the condition of the staircase was open and obvious, not inherently dangerous, and known to the injured plaintiff (see *Salerno v Street Retail, Inc.,* 38 AD3d 515 [2007]; *Mokszki v Pratt,* 13 AD3d 709 [2004]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. Contrary to the plaintiffs' contention, the subject staircase did not qualify as "interior stairs" within the meaning of Administrative Code of the City of New York § 27-232, and as governed by Administrative Code of the City of New York § 27-375, because it did not serve as a required exit from the building (see *Dooley v Vornado Realty Trust,* 39 AD3d 460 [2007]; *Weiss v City of New York,* 16 AD3d 680 [2005]; *Walker v 127 W. 22nd St. Assoc.,* 281 AD2d 539 [2001]).

The plaintiffs' remaining contentions are without merit.

Accordingly, the defendant's motion for summary judgment should have been granted. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.