■ DEVORAH MEISELS et al., Respondents, v LUCILLE ROBERTS HEALTH CLUBS, INC., et al., Appellants. [881 NYS2d 482]—

In an action to recover damages for personal injuries, etc., the defendant Lucille Roberts Health Clubs, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 29, 2008, as denied its motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Global Flooring Group separately appeals, as limited by its brief, from so much of the same order as denied its motion, among other things, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motions of the defendants Lucille Roberts Health Clubs, Inc., and Global Flooring Group, respectively, inter alia, for summary judgment dismissing the complaint insofar as asserted against them are granted.

The plaintiff Devorah Meisels (hereinafter the plaintiff) allegedly sustained personal injuries when she slipped and fell while using an exercise step at a health club owned by the defendant Lucille Roberts Health Clubs, Inc. (hereinafter Lucille Roberts). According to the plaintiff, the exercise step that she was using was slippery because certain "fuzz" from newly-installed carpet had become caught in the "grooves" of the step. The carpet purportedly had been installed by the defendant Global Flooring Group (hereinafter Global Flooring). At her deposition, the plaintiff testified that she first observed the carpet "fuzz" on

the step approximately 30 minutes prior to the accident. However, she continued to use the step throughout that interval of time while participating in a "step" class without complaint. The plaintiff and her husband commenced the instant action against Lucille Roberts and Global Flooring. Lucille Roberts moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Global Flooring moved, among other things, for the same relief. The Supreme Court denied the motions. We reverse.

The defendants established their respective entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the condition of the carpet "fuzz" was open and obvious, not inherently dangerous, and known to the plaintiff (*see Schwartz v Hersh*, 50 AD3d 1011, 1011-1012 [2008]; *Salerno v Street Retail, Inc.*, 38 AD3d 515 [2007]; *see also Cupo v Karfunkel*, 1 AD3d 48, 52 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court should have granted the motions. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.