ELAINE SHERMAN-SCHIFFMAN, Appellant, v COSTCO WHOLE-SALE, INC., Respondent. [884 NYS2d 760]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Davis, J.), entered April 29, 2008, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated May 30, 2008, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in this action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

While shopping for plants displayed on shelves of a cart in an aisle of the defendant's store, the plaintiff alleged that she tripped over a metal arm used to fasten two carts together, fell to the floor, and sustained personal injuries. After the plaintiff commenced this action, the defendant moved for summary judgment dismissing the complaint on the ground that the metal arm was both open and obvious and not inherently dangerous. The Supreme Court granted the motion. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, photographs of the cart and metal arm in question, demonstrating that the metal arm was open and obvious and not inherently dangerous (*see Schwartz v Hersh,* 50 AD3d 1011, 1012 [2008]; *Salerno v Street Retail, Inc.,* 38 AD3d 515, 516 [2007]). The affidavit of the plaintiff submitted in opposition to the motion merely raised feigned issues of fact, which were insufficient to defeat the defendant's motion for summary judgment dismissing the complaint (*see Benedikt v Certified Lbr. Corp.,* 60 AD3d 798 [2009]; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441 [1968]; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256, 257 [1997]). Accordingly, the Supreme Court properly granted the defendant's motion. Skelos, J.P., Santucci, Balkin and Leventhal, JJ., concur.