■ JEANETTE LOSCIUTO, Respondent, v CITY UNIVERSITY OF NEW YORK et al., Appellants. [914 NYS2d 296]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated January 8, 2010, which denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she took a step down a three-step staircase separating the upper patio area from the lower patio area of premises owned by the defendants. The plaintiff alleged that the step was too steep. The defendants moved, inter alia, for summary judgment, contending that the condition of the step was open and obvious and not inherently dangerous. The Supreme Court denied that branch of the motion. We reverse.

While a landowner has a duty to maintain its premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]), a landowner has no duty to protect or warn against open and obvious conditions that are not inherently dangerous (*see Weiss v Half Hollow Hills Cent. School Dist.*, 70 AD3d 932 [2010]; *Bretts v Lincoln Plaza Assoc., Inc.*, 67 AD3d 943 [2009]; *Schwartz v Hersh*, 50 AD3d 1011 [2008]; *Cupo v Karfunkel*, 1 AD3d 48 [2003]). Here, the defendants established their entitle-

ment to judgment as a matter of law with evidence that the step at issue was open and obvious and not inherently dangerous (*see Russ v Fried*, 73 AD3d 1153 [2010]; *Pirie v Krasinski*, 18 AD3d 848 [2005]; *Pedersen v Kar, Ltd.*, 283 AD2d 625 [2001]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Contrary to the plaintiff's contention, the step at issue was not part of a required exit because it did not provide a means of egress from the interior of a building to an open exterior space (*see* Administrative Code of City of NY §§ 27-232, 27-375, 27-376). The plaintiff's expert's affidavit was conclusory and insufficient to raise a triable issue of fact (*see Salerno v Street Retail, Inc.*, 38 AD3d 515 [2007]).

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint. Mastro, J.P., Rivera, Austin and Roman, JJ., concur.