■ MELISSA KATZ et al., Respondents, v BLANK ROME TENZER GREENBLATT et al., Defendants, and 804 LEXINGTON LLC et al., Appellants. [953 NYS2d 496]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 16, 2011, which denied the motions of defendants 804 Lexington LLC and Evnick Restaurant, Inc., doing business as Burger Heaven (Burger Heaven) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Summary judgment was properly denied in this action where plaintiff Melissa Katz was allegedly injured when she fell down the winding staircase that led from Burger Heaven's dining room to the basement; defendant 804 Lexington LLC was the owner of the premises. Defendants have a duty to maintain the property in a reasonably safe condition (*see generally Kellman v 45 Tiemann Assoc.*, 87 NY2d 871 [1995]), and here, the configuration of the winding staircase and partial absence of a handrail at its turn, raise triable issues as to whether defendants were on constructive notice of a dangerous condition (*see Timmins v Benjamin*, 77 AD3d 1254 [3d Dept 2010]; *see also Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2d Dept 2004]).

We note however that contrary to the motion court's finding that there was a triable issue as to whether the subject stairs were in violation of Administrative Code of City of NY § 27-375 (e) (4) and (f), the record shows otherwise. The winding stairs that led from the dining room to the basement are not "interior stairs" within the meaning of the Administrative Code since they "did not serve as a required 'exit,' i.e., as a required 'means of egress from the interior of a building to an open exterior space' " (*Maksuti v Best Italian Pizza*, 27 AD3d 300, 300 [1st Dept 2006], *lv denied* 7 NY3d 715 [2006], quoting Administrative Code § 27-232; *see Cusumano v City of New York*, 15 NY3d 319, 324 [2010]; *Kittay v Moskowitz*, 95 AD3d 451 [1st Dept 2012]). Concur—Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.