*643 Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered February 22, 2013, which, to the extent appealed from as limited by the briefs, denied plaintiff Lorna Stubbs’s motions for partial summary judgment on the issue of liability and for leave to amend her bill of particulars, and granted defendant 350 East Fordham Road, LLC’s cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, the cross motion denied as to plaintiff’s common-law negligence claim, and otherwise affirmed, without costs.
Plaintiff Lorna Stubbs was standing on the sidewalk in front of the two-story building located at 350 East Fordham Road when part of the stucco siding on the building fell off the facade and struck her.
The court acted within its discretion in denying plaintiff leave to amend the bill of particulars to allege violations of section 28-301.1 and former section C26-352.0 of the Administrative Code of the City of New York, as plaintiff did not seek leave to add such allegations until over two years after commencement of the action, and eight months after the note of issue had been filed (see Reilly v Newireen Assoc., 303 AD2d 214, 218 [1st Dept 2003], lv denied 100 NY2d 508 [2003]). In any event, there is no basis to impose liability under section 28-301.1, which “imposes a general duty on owners to maintain their premises, and does not specifically address the alleged structural defect at issue” (Miki v 335 Madison Ave., LLC, 93 AD3d 407, 408 [1st Dept 2012], lv denied 19 NY3d 814 [2012]; see Maksuti v Best Italian Pizza, 27 AD3d 300 [1st Dept 2006], lv denied 7 NY3d 715 [2006]; Lane v Fisher Park Lane Co., 276 AD2d 136, 141-142 [1st Dept 2000]). Here, while Administrative Code § 28-302.1 requires maintenance of “exterior walls,” that provision applies only to “buildings greater than six stories.” Administrative Code § C26-352.0 is inapplicable because the facade of the building was not an “exposed structure[ ] on the top[ ] of [the] building[ ].”
Nevertheless, the common-law negligence claim should be reinstated. While defendant established that it did not create or have actual notice of any defect in the facade, it failed to establish that it exercised reasonable care in maintaining the facade of the building through a program of inspection. Defendant’s managing member testified only that he would observe the exterior facade of the building as he walked past the building, and plaintiffs engineer opined that even a cursory inspection would have disclosed the issues that required repair. Thus, the record presents an issue of fact as to whether defendant exercised reasonable care in maintaining the facade, and *644 whether constructive notice may be imputed (see Hayes v Riverbend Hous. Co., Inc., 40 AD3d 500, 501 [1st Dept 2007], lv denied 9 NY3d 809 [2007]).
Further, while plaintiff may be entitled to invoke the doctrine of res ipsa loquitur at trial (see Dittiger v Isal Realty Corp., 290 NY 492 [1943]; Kaplan v New Floridian Diner, 245 AD2d 548, 548 [2d Dept 1997]; Shinshine Corp. v Kinney Sys., 173 AD2d 293 [1st Dept 1991]), since the inference of negligence arising from plaintiffs circumstantial proof is not inescapable, she is not entitled to partial summary judgment in her favor (Morejon v Rais Constr. Co., 7 NY3d 203, 207-209 [2006]).
We have reviewed the remaining contentions and find them unavailing.
Concur—Tom, J.E, Moskowitz, DeGrasse, Richter and Kapnick, JJ.