■ SHANIQUEA KIRK, Appellant, v STAPLES THE OFFICE SUPERSTORE EAST, INC., Doing Business as STAPLES, Respondent, et al., Defendant. (And a Third-Party Action.) [999 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated,

June 28, 2013, as granted that branch of the motion of the defendant Staples the Office Superstore East, Inc., doing business as Staples, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly fell when she missed a step as she was descending two steps that led to an area of a backroom on the first floor in a store leased by the defendant Staples the Office Superstore East, Inc., doing business as Staples (hereinafter Staples). The plaintiff alleged that the steps were dangerous and that they failed to have a proper tread width. The plaintiff had used the two steps minutes before the accident to ascend to the backroom area and had no problem using the steps at that time.

Contrary to the plaintiff's contention, Staples established its prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate that the condition of the stairs was open and obvious, and not inherently dangerous, and was known to the plaintiff (*see Losciuto v City Univ. of N.Y.*, 80 AD3d 576, 576-577 [2011]; *Schwartz v Hersh*, 50 AD3d 1011, 1011-1012 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of Staples's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Miller, Duffy and LaSalle, JJ., concur.