■ FORREST BRANCH, Respondent, v SDC DISCOUNT STORE,
INC., Appellant. [8 NYS3d 61]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.),
entered on or about July 29, 2014, which denied defendant's
motion for summary judgment dismissing the complaint,
unanimously affirmed, without costs.

Defendant operated a gift shop in premises it leased on the
ground floor and in the basement of a building managed by
plaintiff's employer. Plaintiff alleges that, while he was
descending the staircase leading into the unlighted basement
in order to inspect pipes located there, he lost his balance and
fell off the unguarded side of the staircase.

Defendant demonstrated that the basement staircase was
not an "interior staircase" and thus the lack of handrail or wall
on the open side did not violate any applicable provisions of
the New York City Building Code (*see Katz v Blank Rome
Tenzer Greenblatt*, 100 AD3d 407 [1st Dept 2012]). Defendant
nonetheless had a common-law duty, as occupier of the
premises, to maintain the staircase in a reasonably safe condi-
tion, in view of all the circumstances, including "the likelihood
of injury to others, the seriousness of the injury, and the burden
of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976]
[internal quotation marks omitted]; *see Swerdlow v WSK Props.
Corp.*, 5 AD3d 587 [2d Dept 2004]). Issues of fact exist as to
whether defendant was negligent in maintaining the staircase
without any handrail or guard of any kind on one side, under
all the circumstances, including the testimony of defendant's
owner that the staircase was never used by her, by anyone
working for the store, or by its customers.

Plaintiff's testimony that he could see the first few steps as
he descended, and then lost his balance, did not eliminate an
issue of fact as to whether the alleged lack of lighting in the
basement contributed to his fall as he continued down the
staircase (*see Santiago v New York City Hous. Auth.*, 268 AD2d
203 [1st Dept 2000]; *see also Swerdlow* at 588). Defendant's
claim that it lacked actual or constructive notice of the lack of
lighting or of any dangerous conditions of the stairway is
unavailing, since its corporate officer did not deny responsibil-
ity for changing lightbulbs as needed, and acknowledged that
she had seen the staircase before renting the premises and
that it was accurately depicted in a photo taken soon after the

accident. Concur—Acosta, J.P., Saxe, Moskowitz, Richter and Feinman, JJ.