■ DIANE ZEOLLA et al., Appellants, v TOWN OF STANFORD, Respondent. [22 NYS3d 542]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 31, 2014, as granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Diane Zeolla (hereinafter the plaintiff) allegedly sustained personal injuries when she fell from a single-step riser at the Town of Stanford Courthouse. It is undisputed that, only minutes prior to the accident, the plaintiff had ascended the subject step without any problems. The plaintiff, and her husband suing derivatively, commenced this action, interposing causes of action alleging negligence and nuisance. Thereafter, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the defendant's motion.

Contrary to the plaintiffs' contention, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the first cause of action, which alleged negligence, by submitting evidence demonstrating that the condition of the single-step riser was open and obvious, and not inherently dangerous (see Kirk v Staples the Off. Superstore E., Inc., 123 AD3d 889, 890 [2014]; Losciuto v City Univ. of N.Y., 80 AD3d 576, 576-577 [2011]; Schwartz v Hersh, 50 AD3d 1011, 1011-1012 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. The Supreme Court properly concluded that the affidavit of the plaintiffs' expert was speculative, conclusory, and insufficient to raise a triable issue of fact (see Reed v Nouveau El. Indus., Inc., 123 AD3d 1102, 1103 [2014]; Gold v Park Ave. Extended Care Ctr. Corp., 90 AD3d 833, 834 [2011]; Losciuto v City Univ. of N.Y., 80 AD3d at 577; Landy v 6902 13th Ave. Realty Corp., 70 AD3d 649, 651 [2010]; Salerno v Street Retail, Inc., 38 AD3d 515, 516 [2007]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the first cause of action. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.