■ STACEY LEVINE et al., Appellants, v 425 MADISON ASSOCIATES et al., Respondents. [28 NYS3d 863]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered December 24, 2014, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Stacey Levine alleges that she slipped and fell while descending a marble staircase in a residential building owned and managed by defendants. On appeal, she does not challenge the dismissal of her common-law negligence claim based on the inherently slippery condition of the floor, which is not an actionable defect under the common law (*Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325, 326-327 [1st Dept 2006]; *Sarmiento v C & E Assoc.*, 40 AD3d 524, 527 [1st Dept 2007]). Rather, she

asserts that the motion court erred in dismissing her statutory claims.

The motion court correctly dismissed the statutory claims. Although defendants failed to submit competent evidence showing the year the building was erected (*see Powers v 31 E 31 LLC*, 24 NY3d 84, 92-93 [2014]), no version of the Building Code is implicated. Defendants have not violated any sections of the Building Code or Fire Code alleged by plaintiffs, since the staircase upon which the injured plaintiff allegedly fell was neither an "interior stair" within the meaning of the 1968 Building Code of the City of New York or predecessor Building Codes (Administrative Code of City of NY §§ 27-232, 27-375 [h]; *see Cusumano v City of New York*, 15 NY3d 319, 324 [2010]; *see also Maksuti v Best Italian Pizza*, 27 AD3d 300 [1st Dept 2006], *lv denied* 7 NY3d 715 [2006]), nor a "means of egress" within the meaning of the New York City Building Code and the New York City Fire Code (NY City Building Code [Administrative Code of City of NY, tit 28, ch 7] §§ BC 1002.1, 1003.4; NY City Fire Code [Administrative Code of City of NY, tit 29, ch 2] §§ FC 1001.1, 1001.2, 1002.1, 1027.1). Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.