Bartholomew v Sears Roebuck & Co. (2018 NY Slip Op 01590)





Bartholomew v Sears Roebuck & Co.


2018 NY Slip Op 01590


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-13267
 (Index No. 1707/15)

[*1]Lazina Bartholomew, appellant, 
v
Sears Roebuck and Co., et al., respondents.


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser and Susan M. Jaffe of counsel), for appellant.
Lynch Rowin, LLP, New York, NY (Marc Rowin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated November 10, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly tripped and fell on the base of a directory sign at the defendants' store in Brooklyn. Just prior to the incident, the plaintiff allegedly walked past the directory sign, then walked back and stopped in front of the sign to verify that she was heading in the right direction. She then allegedly tripped and fell on the base as she attempted to step away from the sign.
The plaintiff commenced this action to recover damages for personal injuries, alleging that her injuries were caused by the defendants' negligence. Thereafter, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion, determining that the base of the directory sign was open and obvious and not inherently dangerous. The plaintiff appeals.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the base of the directory sign was open and obvious and not inherently dangerous (see Gerner v Shop-Rite of Uniondale, Inc., 148 AD3d 1122; Lew v Manhasset Pub. Lib., 123 AD3d 1096, 1097; Koepke v Deer Hills Hardware, Inc, 118 AD3d 957; Casamassa v Waldbaum's Inc., 276 AD2d 659, 660). In opposition, the plaintiff failed to raise a triable issue of fact. The expert affidavit submitted by the plaintiff in opposition to the motion was speculative and conclusory, and insufficient to raise a triable issue of fact (see Zeolla v Town of Stanford, 134 AD3d 1100, 1101; Rivas-Chirino v Wildlife Conservation Socy., 64 AD3d 556, 558; Veccia v Clearmeadow Pistol Club, 300 AD2d 472).
Accordingly, the Supreme Court properly granted the defendants' motion for [*2]summary judgment dismissing the complaint.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court