Ramirez v Creative Linen House, Inc. (2019 NY Slip Op 01811)





Ramirez v Creative Linen House, Inc.


2019 NY Slip Op 01811


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-00814
 (Index No. 708125/15)

[*1]Armantina Ramirez, appellant, 
v
Creative Linen House, Inc., respondent (and a third-party action).


Trolman, Glaser & Lichtman, P.C., New York, NY (Dennis Bellovin of counsel), for appellant.
Michael Swimmer, New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated November 30, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she tripped and fell over a red bucket located near the middle of an aisle in a store owned by the defendant. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting a transcript of the plaintiff's deposition testimony and video surveillance footage of the accident. This evidence demonstrated that the bucket over which the plaintiff tripped and fell was open and obvious, as it was not only readily observable by those employing the reasonable use of their senses, but was known to the plaintiff prior to the accident, and, as a matter of law, was not inherently dangerous (see Bartholomew v Sears Roebuck & Co., 159 AD3d 786, 786; Genefar v Great Neck Park Dist., 156 AD3d 762, 763; Zeolla v Town of Stanford, 134 AD3d 1100, 1101; Kirk v Staples the Off. Superstore E., Inc., 123 AD3d 889; Bernth v King Kullen Grocery Co., Inc., 36 AD3d 844, 845). Contrary to the plaintiff's contention, the evidence submitted in support of the motion did not demonstrate that the bucket was a trap for the unwary. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
Accordingly, we agree with the Supreme Court's grant of the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court