**Lasch v Westbeth Corp. Hous. Dev.**

2024 NY Slip Op 31207(U)

April 9, 2024

Supreme Court, New York County

Docket Number: Index No. 151319/2019

Judge: Shlomo S. Hagler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. SHLOMO S. HAGLER**                    PART                    **17**

*Justice*

-----------------------------------------------------------------------X

PATRICIA LASCH,

                          Plaintiff,

                - v -

WESTBETH CORPORATION HOUSING DEVELOPMENT
FUND COMPANY, INC.,

                         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151319/2019 |
| MOTION DATE | 02/04/2022 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this negligence action, defendant Westbeth Corporation Housing Development Fund Company, Inc. ("defendant") moves for summary judgment pursuant to CPLR § 3212. Plaintiff Patricia Lasch ("plaintiff") opposes the motion. The motion is denied for the reasons below.

## Background

Defendant owns, maintains, manages, and controls the premises located at 463 West Street, New York, New York (complaint, NYSCEF Doc No. 1 ¶¶ 7-10). On November 10, 2018, plaintiff fell in a stairwell between the first floor and the cellar of the premises and sustained injuries (*id.* ¶¶ 7, 14). Plaintiff alleges that an improperly installed handrail and inadequate lighting were the causes of her fall (*id.* ¶14).

Plaintiff testifies that after she went on a walk with her daughter, she and her daughter saw signs for a flea market that was being held in the basement of her apartment building (deposition transcript, NYSCEF Doc No. 40 at 27). Plaintiff says that she was walking down the stairs to the basement while holding the left side handrail (*id.* at 34-35). She states that the

**151319/2019  LASCH, PATRICIA vs. WESTBETH CORPORATION HOUSING**
**Motion No.  001**

**Page 1 of 6**

[* 1]

landing and the stairs were all painted gray and the lighting in the basement was "very dim" (*id.* at 35 lines 7-9, 88 lines 2-5). Plaintiff testifies that the banister she was holding onto ended, and all she saw was gray-painted flooring ahead of her, leading her to believe that the next step was the landing (*id.* at 52 lines 6-10). She fell when she stepped onto what she perceived was the landing but was actually another step (*id.*). At this point, she "went straight through the doorway [at the bottom of the stairs] into a cement wall" and hit her head directly into the wall, feeling sharp pains in her head, left wrist, and back (*id.* at 35 lines 8-13). As a result of the fall, plaintiff suffered a gash on her head, fractured ribs, and a fractured left wrist (NYSCEF Doc No. 40 at 61-62). Plaintiff subsequently received spinal infusions for pain and reconstructive surgery on her wrist and attended physical therapy (*id.* at 64-65, 67).

Current photographs of the stairwell show the gray-painted stairs (with the last two stairs now painted with a yellow safety stripe) and gray-painted landing (NYSCEF Doc No. 54 at 3). The photographs also show that the right-side handrail extends to the last stair while the left-side handrail stops at the second to last step before the landing (*id.*). Photographs of a light meter on the bottom step offered by the plaintiff show a measurement of 0.89-foot candles in the most lit portion of the step, and a measurement of 0.27-foot candles in the dimmest portion of the step (*id.* at 5). Photos offered by the defendant show a measurement of 1.21 foot-candles in the same stairwell (NYSCEF Doc No. 49 at 15).

**Discussion**

"In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom (*Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 825 [2016] [internal quotation marks and citation omitted]). It is a building owner's "normal duty to maintain the

151319/2019 LASCH, PATRICIA vs. WESTBETH CORPORATION HOUSING
Motion No. 001

Page 2 of 6

2 of 6

[* 2]

premises in a safe manner" *Marcinak v Technical Mech. Servs., Inc.*, 17 AD3d 140, 140 [1st Dept 2005]). Neither party disputes that defendant owed a duty of care to plaintiff to maintain a safe building; hence, the court evaluates whether defendant breached that duty. Defendant moves for summary judgment on the basis that no duty of care was breached. Specifically, defendant argues that the stairwell without a handrail extending to the bottom of the landing and the lighting conditions did not create dangerous or defective conditions.

Essential in determining whether defendant breached its duty of care is the classification of the subject stairwell, as the classification determines the standards of maintenance and the applicability of Building Code sections. Defendant relies on its expert, Michael Cronin, a licensed professional engineer and consultant, to show that it did not breach its duty of care (defendant's expert report, NYSCEF Doc No. 49). Cronin opines that the subject stairwell is an access stairwell and not an interior stairwell; therefore, the standards for maintaining access stairwells apply as to whether defendant breached its duty of care. (NYSCEF Doc No. 49 at 5). In opposition, plaintiff relies on her expert, Robert T. Fuchs, a licensed professional engineer and consultant (plaintiff expert report, NYSCEF Doc No. 52). According to Fuchs, "the classification of the stair as an access stair by defendant's expert is not supported by the evidence," (NYSCEF Doc No. 52 ¶ 19). Plaintiff's expert contends that the subject stairwell is an exit stairwell because there is a sign posted on the door designating the stairwell as a "construction exit" (*id.* ¶¶ 16, 19).

Though the experts disagree on the classification of the subject staircase, ultimately, "the question [of] whether Building Codes apply to a structure is an issue of statutory interpretation that the court should determine" as a matter of law (*Lopez v Chan*, 102 AD3d 625, 626 [1st Dept 2013]; *see also Gaston v New York City Housing Auth.*, 258 AD2d 220, 224 [1st Dept 1999]

**151319/2019  LASCH, PATRICIA vs. WESTBETH CORPORATION HOUSING**
**Motion No.  001**

**Page 3 of 6**

[* 3]

["Supreme Court erred in submitting the issue to the jury and failing to determine, as a matter of law, that the staircase was not required to comply with section 27-376 of the Code"]). Here, the subject staircase is not an interior staircase. An interior stairway is defined as a stairway that leads to a required "exit" (*see* Admin. Code of the City of New York § 27-232; *Mansfield v Dolcemascolo*, 34 AD3d 763, 764 [2d Dept 2006]; *Schwartz v Hersh*, 50 AD3d 1011, 1012 [2d Dept 2008]; *Remes v 513 West 26th Realty, LLC*, 73 AD3d 665, 665 [1st Dept 2010]). Stairwell "H" at issue here runs between the lobby of the building and the basement level, "and does not lead to any entrance or exit from the building" (Aff. of Matthew Russas [NYSCEF Doc. No. 47] at ¶ 7). As it is not an interior staircase, the portions of the Building Code governing interior staircases are not applicable (*see Mansfield*, 34 AD3d at 764; *Walker v 127 West 22nd Street Assocs.*, 281 AD2d 539, 540 [2d Dept 2001]).

Defendant argues that because there were no Building Code violations, it did not breach its duty of care (Memorandum of Law, NYSCEF Doc No. 46 at 10). In support of its argument, defendants provide an affidavit from Matthew Russas, the Registered Managing Agent and Building Manager of the subject building. He states that the subject stairwell passed code inspections on October 10, 2018, and October 16, 2018, weeks before plaintiff's fall on November 10, 2018. He supports this statement by annexing the Certificate of Inspection Visits (Russas Aff., ¶¶ 1, 11, 12, 13; *see* Certificate of Inspections, NYSCEF Doc No. 48). In response, plaintiff argues that defendant can still be liable under a common law duty (Memorandum of Law in Opposition, NYSCEF Doc No. 55 ¶ 17, citing, *e.g. Branch v SDC Discount Store, Inc.*, 127 AD3d 547, 547 [1st Dept 2015]). The court agrees. Even if the Code requirements for "interior stairs" are not applicable and other Building Code sections are not otherwise violated, defendants still have a common-law duty "to maintain the staircase in a reasonably safe

151319/2019 LASCH, PATRICIA vs. WESTBETH CORPORATION HOUSING
Motion No. 001

Page 4 of 6

[* 4]

condition, in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Branch,* 127 AD3d at 547 [internal quotation marks and citation omitted]). As such, the defendant may still be liable under a theory of common law negligence.

Plaintiff's and defendant's experts disagree on key factual findings that preclude summary judgment. The first is on the issue of illumination. Plaintiff's expert concludes that the bottom of the stairwell had inadequate illumination, causing difficulty in distinguishing the end of the bottom step, and that the lack of any marking painted along the tread nosing that would distinguish it from the landing compounded the problem (NYSCEF Doc No. 52 ¶ 24[b]). He measured the lighting with a light meter and found the illumination "along the leading edge to the bottom tread to be 0.89 foot-candles" and "0.27 foot-candles when the light meter was positioned toward the inner portion of the bottom tread" (*id.* ¶ 14).

Conversely, Defendant's expert states that he "observed at his inspection that the illumination was sufficient for persons to reasonably observe all points along their intended path of travel" and concludes that "lighting in the subject stairway was sufficient for persons to make reasonable observations along their intended path of travel. The lighting violated no known applicable code, standard or ordinance" (NYSCEF Doc No. 49 at 6). Defendant's expert stated that although there is no minimum illumination requirement in the Building Code for access stairs, the lighting at the stairway measured 1.21 foot-candles, which is above the 1 foot-candle minimum requirement even if the stairs were classified as interior stairs (*id.* at 5, 15). The experts' opposing conclusions about whether there was adequate illumination in the stairwell creates a disputed material fact. "Conflicting expert affidavits raise issues of fact and credibility that cannot be resolved on a motion for summary judgment" (*Bradley v Soundview Healthcenter,*

151319/2019 LASCH, PATRICIA vs. WESTBETH CORPORATION HOUSING
Motion No. 001

Page 5 of 6

[* 5]

4 AD3d 194, 194 [1st Dept 2004]; *see Carter v HP Lafayette Boynton Hous. Dev. Fund Co.*, 210 AD3d 580 [1st Dept 2022] [finding an issue of fact precluding summary judgment when defendants' expert measured a 0.625-inch height differential while plaintiff's expert measured that height differential to be 1.063 inches]).

Lastly, the experts disagree on the sufficiency of the handrail placed along the subject staircase. Plaintiff's expert concludes that the lack of a continuing handrail at the bottom of the left side of the stairs is an "inherent safety hazard" and "does not conform to fundamental principles of stair design and construction, generally good and accepted practice, or building code requirements" (NYSCEF Doc No. 52 ¶ 24[a]). In response to plaintiff's expert report, defendant's expert disagrees and opines that "[t]he handrails present on the subject stairway met the requirements of the New York State Multiple Dwelling Law" (NYSCEF Doc No. 49 at 5-6). The experts dispute as to whether the discontinuous condition of the left handrail created a safety hazard, and thus, whether defendant breached the duty of care it owes to the plaintiff to maintain a safe building. Here, because the parties' experts disagree as to whether the discontinuous handrail created a safety hazard breaching defendant's duty of care, defendant has failed to demonstrate that there are no disputed material issues of fact (*see Bradley,* 4 AD3d at 194; *Bossert v New York University Langone Med. Ctr.*, 213 AD3d 547, 548 [1st Dept 2023]).

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is denied.

April 9, 2024
_____
DATE

_____
SHLOMO S. HAGLER, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

151319/2019  LASCH, PATRICIA vs. WESTBETH CORPORATION HOUSING
Motion No. 001

Page 6 of 6